UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ARCHIE J. SHOEMAKER,
on behalf of himself and others similarly situated,

               Plaintiff,               Case No.: 19-cv-316

BASS & MOGLOWSKY, S.C.               Class Action Complaint

               Defendant,              Jury Trial Demanded

---

## NATURE OF THE ACTION

1.  This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.  Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.  As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1]     *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014). *See* https://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed March 26, 2019)

1

4. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

5. A debt collector must send this notice "[w]ithin five days after the *initial communication* with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a) (emphasis added).

6. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,'" *see Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)), and to guarantee that consumers would receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702.

7. This case arises out of the antiquated practice of serving a validation notice on a consumer who is a defendant in a state court debt collection lawsuit at the same time the debt collector serves the summons and complaint on the consumer.

8. This practice appears to have originated out of a previous lack of clarity as to whether a state court complaint to collect a consumer debt was an "initial communication" under the FDCPA. *Compare, e.g.*, *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that a summons and complaint do not constitute "initial communications" triggering the debt validation notice requirements of § 1692g), *with Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004) (finding that a summons and complaint served in a state court action constitute

an "initial communication" under the FDCPA), *superseded by statute as stated in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007).[2]

9. But in 2006, Congress amended the FDCPA to clarify that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d); *see also Beler*, 480 F.3d at 473 ("A recent amendment nullified the holding of *Thomas*: legal pleadings no longer need be preceded or accompanied by verification notices. Pub. L. 109-351, 120 Stat. 2006 (Oct. 13, 2006), adding 15 U.S.C. § 1692g(d)").

10. Nonetheless, over 12 years later, some debt collectors continue to attach validation notices to summonses and complaints they file and serve on consumers.

11. This unnecessary practice creates numerous risks and confusion for consumers.

12. For instance, because a state-court complaint is not an initial communication, service of a complaint triggers neither a debt collector's obligations under 15 U.S.C. § 1692g, nor a consumer's concomitant rights under that provision of the FDCPA.

13. Thus, by serving a validation notice with a summons and complaint, the debt collector misleads the consumer into believing the consumer has certain rights under the law that the consumer does not have.

14. Moreover, the timing requirements for responding to a complaint in many state courts are often shorter in duration than the timing requirements for disputing a debt under 15 U.S.C. § 1692g.

---

[2] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

15.     As a result, serving a validation notice with a summons and complaint in such jurisdictions is likely to confuse the consumer as to when and how the consumer needs to respond to the complaint, and in a worst-case scenario, can result in the consumer missing the deadline to respond to the complaint. As the Seventh Circuit wrote in *Thomas*:

> Sending the notice along with the pleadings, or shortly thereafter, might also confuse the debtor. A debtor must comply with deadlines imposed by court rules and judges, even if that debtor has requested verification of the debt. While the § 1692g notice indicates that the debtor has 30 days to dispute his debt, in federal court a defendant must answer a complaint within 20 days of its filing. Failing to timely file an answer could result in a default judgment. Thus, the validation notice could potentially give a debtor the false impression that it has 30 days before it is required to take any action in the lawsuit.

392 F.3d at 919.

16.     Upon information and belief, Bass & Moglowsky, S.C. ("Defendant") routinely serves validation notices on consumers in conjunction with the service of summonses and complaints, in violation of the FDCPA.

17.     As a result of these violations, Archie J. Shoemaker ("Plaintiff") bring this case as a class action seeking damages for himself and others similarly situated.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

19.     Venue is proper before this Court under 28 U.S.C. § 1391(b)(2), where the events giving rise to Plaintiff's action occurred in this District, and where Defendant transacts business, and has its principal offices, in this District.

## PARTIES

20.     Plaintiff is a natural person who at all relevant times resided in Bayfield County, Wisconsin.

21.     As such, Plaintiff is a "consumer" as defined 15 U.S.C. § 1692a(3).

4

22.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

23.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a note and mortgage in favor of U.S. Bank National Association (the "Debt").

24.     Defendant is a law firm based in Milwaukee County, Wisconsin.

25.     Defendant "provides foreclosure and related services to lenders based in Wisconsin and lenders and servicers with a limited Wisconsin portfolio."[3]

26.     According to its website, "[f]or actions based on either secured or unsecured notes and breach of contract claims, the firm is able to assist clients in obtaining judgments for money and other legal remedies, including evictions and judgments of replevin, [Defendant] additionally offers post-judgment collection services including account and wage garnishments and executions."[4]

27.     Defendant is an entity that at all relevant times was engaged, by use of the mails telephone, and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

28.     Upon information and belief, at the time Defendant was hired to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

---

[3]     *See* http://www.basmog.com/practice/foreclosure/#national-lenders-and-servicers (last accessed March 26, 2019).

[4]     *See* http://www.basmog.com/practice/litigation/ (last accessed March 26, 2019).

29. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

30. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

31. On or about March 6, 2019, Defendant served Plaintiff with a summons and mortgage foreclosure complaint (the "Collection Complaint"). A true and correct copy of the Collection Complaint, filed in Wisconsin state court, is attached as Exhibit A.

32. The summons advised Plaintiff, in pertinent part,

> Within 20 days, or within 45 days if you are the State of Wisconsin or an insurance company, or within 60 days if you are the United States of America, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court which address is Bayfield County Courthouse, 117 East Fifth Street, Washburn, WI 54891, and to Bass & Moglowsky, S.C., plaintiff's attorneys, whose address is Bass & Moglowsky, S.C., 501 West Northsore Drive, Suite 300, Milwaukee, WI 53217. You may have an attorney help or represent you.
>
> If you do not provide a proper answer within 20 days, or within 45 days if the defendant is the State of Wisconsin or an insurance company, or within 60 days if the defendant is the Unites States of America, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you won now of in the future and may also be enforced by garnishment or seizure of property.

*See* Ex. A.

33. Attached to the Collection Complaint was a document titled "FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE." A true and correct copy of the "FDCPA Disclosure" is attached as Exhibit B.

34. The FDCPA Disclosure provided:

6

FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE
15 U.S.C. SECTION 1692, AS AMENDED

1. Bass & Moglowsky, S.C. is a law firm / debt collector representing a creditor in the collection of a debt that you owe to said creditor. We are attempting to collect such debt and any information obtained from you will be used for that purpose.

2. The name and address of the creditor that the law firm represents is:

U.S. Bank National Association successor by merger to U.S. Bank National Association ND
4801 Frederica Street
Owensboro, KY 42301

3. The debt that the law firm is attempting to collect is described in the attached Complaint and Exhibits.

4. The total amount due on the debt is $98,524.58, as of January 31, 2019. Since interest, late charges, and other charges may vary from day to day, the amount of the debt on the day you pay may be greater. Hence, if you pay the amount stated above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

5. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, we will assume the debt to be valid.

6. If you notify us that you are disputing the debt, or any portion thereof, in writing, within the thirty (30) day period, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you.

7. If the original creditor is different from the present creditor and within thirty (30) days after receipt of this notice, you request the name and address of such original creditor, we will obtain that information, and that information will be mailed to you.

8. The law does not require us to wait until the end of the thirty (30) day period before proceeding with this lawsuit to collect the debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this Notice, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

9. This Notice should not be construed as a demand for payment. It is merely a disclosure required by federal law.

10. All written requests should be addressed to Bass & Moglowsky, S.C., 501 West Northshore Drive, Suite 300, Milwaukee, WI 53217.

35. Upon information and belief, Defendant, as a matter of pattern and practice, includes the FDCPA Disclosure as an attachment to debt collection complaints that it serves on Wisconsin consumers.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action as a class action under Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the state of Wisconsin to whom, within one year before the date of this complaint, Bass & Moglowsky, S.C. served a "Fair Debt Collection Practices Act Disclosure" as part of a lawsuit it filed against such person in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable. The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

38. The proposed class is ascertainable in that is defined by reference to objective criteria. In addition, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant and in public records.

39. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff has suffered the same injury as each member of the class. Like all members of the proposed class, Defendant served Plaintiff with a "Fair Debt Collection Practices Act Disclosure" as part of a lawsuit filed by it against Plaintiff in connection with the collection of a consumer debt.

40. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable.

42.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs done to them. There should be little difficulty in the management of this action as a class action.

43.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA;

   b. Whether including a validation notice when serving a complaint and summons on a consumer constitutes a false, deceptive or misleading practice;

   c. Whether Defendant is a "debt collector" as defined by the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of statutory penalties; and

   f. the availability of attorneys' fees and costs.

44.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

45.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-44.

46.     The FDCPA at 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

9

47. Defendant served the FDCPA Disclosure on Plaintiff at the same time it served the Collection Complaint.

48. The FDCPA Disclosure advised Plaintiff that "[u]nless [Plaintiff] disputed the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, we will assume the debt to be valid." *See* Ex. B.

49. The FDCPA Disclosure further advised Plaintiff that if Plaintiff notified Defendant that he is "disputing the debt, or any portion thereof, in writing, within the thirty (30) day period, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you." *Id.*

50. The FDCPA Disclosure also advised Plaintiff that "[i]f the original creditor is different from the present creditor and within thirty (30) days after receipt of this notice, you request the name and address of the original creditor, we will obtain that information, and that information will be mailed to you." *Id.*

51. The FDCPA Disclosure then advised Plaintiff "[t]he law does not requires us to wait until the end of the thirty (30) day period before proceeding with this lawsuit to collect the debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that beings with your receipt of this Notice, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you." *Id.*

52. These representations are false, deceptive and misleading because they provide a misleading impression of the process for responding to a lawsuit under Wisconsin law. Specifically, Plaintiff only had 20 days—not 30—to respond to the complaint without risking default judgment.

10

53. However, an unsophisticated consumer reviewing the FDCPA Disclosure could reasonably conclude that as long as he disputed the debt in writing to Defendant within thirty days, Defendant would have to suspend collection efforts—including prosecution of the lawsuit—until Defendant provided the consumer with verification of the Debt.

54. Indeed, while the summons advised Plaintiff to prepare a "written answer" to both the state court and to Defendant, the FDCPA Disclosure only directed Plaintiff to send his dispute or request for verification to Defendant. *See* Ex. A; Ex. B.

55. As a result, and given the conflict between the time period in the summons (20 days) and the time period in the FDCPA Disclosure (30 days), an unsophisticated consumer would be confused as to when and how he would need to respond to the Collection Complaint.

56. Upon being served with the Collection Complaint, Plaintiff was, in fact, confused about when and how he needed to respond to the Collection Complaint.

57. Moreover, the FDCPA Disclosure advised Plaintiff that it was "a disclosure required by federal law." *Id*.

58. However, since the Collection Complaint is not an initial pleading, the FDCPA Disclosure is not required by federal law.

59. Finally, Defendant's representations were false and misleading because they purported to provide Plaintiff with rights under the law that Plaintiff did not have and could not enforce.

60. For instance, as the Collection Complaint was not an "initial communication" within the meaning of the FDCPA, Plaintiff neither had the legal right to dispute the Debt within 30 days after the Collection Complaint was served on him, nor would Defendant be legally

obligated to obtain verification of the Debt and provide a copy of such verification to Plaintiff had Plaintiff disputed the debt in writing within the 30-day period.

61. Nonetheless, Defendant falsely advised Plaintiff that he had these exact rights pursuant to the FDCPA.

62. As a result of the foregoing, Defendant violated 15 U.S.C. § 1692e.

63. The harm suffered by Plaintiff is particularized in that the illegal debt collection conduct was targeted at him personally and regarded his personal alleged debt.

64. Likewise, Defendant's actions created a real risk of harm in that they could cause uncertainty and confusion as to when and how a consumer needed to respond to the Collection Complaint, and what rights the consumer had to validate the Debt. *See, e.g.*, *Evans v. Portfolio Recovery Assocs.*, 889 F.3d 337, 345 (7th Cir. 2018) (risk of real harm sufficient to confer standing). And here, upon receiving the Collection Complaint and FDCPA Disclosure, Plaintiff was confused as to what his rights were and when and how to respond to the Collection Complaint.

### COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)(5)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-44.

66. The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\*\*\*\*\*

(5) a statement that, upon the consumer's *written request* within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

67. To the extent that Defendant contends that the FDCPA Disclosure should be construed as Defendant's initial communication with Plaintiff in connection with collection of the Debt, the FDCPA Disclosure did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), and Defendant did not provide such disclosures within five days thereafter.

68. Specifically, the FDCPA Disclosure violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide him the name and address of the original creditor, if different from the current creditor, if he notified Defendant of his request for that information *in writing*. *See, e.g.*, *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 340 (E.D.N.Y. 2002) ("Any consumer, not simply the least sophisticated consumer, who read this letter would not know that to secure her right to obtain verification of the debt and the identity of the original creditor, her dispute of the debt and request for the identity of the original creditor must be in writing.").

69. As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

70. The harm suffered by Plaintiff is particularized in that the illegal debt collection conduct was targeted at him personally and regarded his personal alleged debt.

71. Likewise, Defendant's actions created risk of real harm to the concrete interests that Congress enacted the FDCPA to protect—namely, a waiver of his validation rights. *See, e.g.*, *Macy v. GC Services Ltd. P'ship*, 897 F.3d 747, 758 (6th Cir. 2018) ("Thus, Plaintiffs allege a risk of harm that is traceable to GC's purported failure to comply with federal law, namely, the possibility of an unintentional waiver of FDCPA's debt-validation rights, including suspension of collection of disputed debts under Section 1692g(b)."). And here, upon receiving the Collection Complaint, Plaintiff was uncertain as to his validation rights and obligations.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e or, alternatively, 15 U.S.C. § 1692g(a)(5);

c. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d. Enjoining Defendant from future violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff and the class;

e. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: April 22, 2019                    Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@gdrlawfirm.com

Matthew C. Lein
Lein Law Offices

15692 Highway 63 North
Hayward, WI 54843
Telephone: 715.634.4273
Fax: 715.634.5051
mlein@leinlawoffices.com

Counsel for Plaintiff and the proposed class