IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARCHIE J. SHOEMAKER, *individually
and on behalf of all those similarly situated,*

       Plaintiff,      OPINION AND ORDER

 v.

                     19-cv-316-wmc

BASS & MOGLOWSKY, S.C.,

       Defendant.

   On behalf of himself and other similarly-situated consumers, plaintiff Archie Shoemaker alleges that defendant Bass & Moglowsky, S.C., violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692g(a)(5), when it served a form "Fair Debt Collection Practices Act Disclosure" on consumers at the same time it served a summons and complaint in state court debt collection lawsuits. Under plaintiff's theory, "because the timing requirements for responding to a complaint in Wisconsin state court are shorter in duration than the timing requirements for disputing a debt under 15 U.S.C. § 1692g, serving the Notice with a summons and complaint is likely to confuse the least sophisticated consumer." (Pl.'s Mot. (dkt. #15) 1.) After defendant answered the complaint, in which it denied liability, the parties conducted discovery and defendant filed a motion for summary judgment. Defendant, however, subsequently withdrew its motion, and the parties filed a notice of settlement. Before the court is plaintiff's unopposed motion for preliminary approval of settlement agreement. (Dkt. #15.) For the reasons that follow, the court will grant the motion and will hold a fairness hearing on April 3, 2020, at 1:00 p.m.

BACKGROUND

Plaintiffs seek to certify the following Rule 23 class for settlement purposes:

> All persons in the State of Wisconsin to whom, between April 22, 2018 and April 22, 2019, Bass & Moglowsky, S.C., served a "Fair Debt Collection Practices Act Disclosure" as part of a lawsuit filed against such person in connection with the collection of a consumer debt, but excluding any person who did not sign the Note that was the subject of the lawsuit.

(Pl.'s Mot. (dkt. #15) 3.)  There are 370 class members, including plaintiff.

Defendant agrees to create a non-reversionary settlement fund of $7,160, which after deducting costs for notice and settlement administration (estimated at $3,455.44) will be distributed to the class members equally.  There is no claims process; in other words, the class members do not need to complete a claims form or some other action to receive payment.  The parties estimate that each class member will receive $10.  Any remaining funds will be paid to the Marquette University Law School Legal Clinic as a *cy pres* recipient.  Defendant has also agreed to stop the practice complained of in the lawsuit; specifically, defendant will not serve the disclosure with the complaint and summons.

In addition to this relief, defendant also agrees to pay the named plaintiff statutory damages in the amount of $1,000.  Moreover, defendant agrees to pay class counsel's attorneys' fees and expenses up to $26,340.

OPINION

I.  Class Certification for Settlement Purposes

Certification of a class is only appropriate following a rigorous analysis concerning whether the proposed class satisfies Federal Rule of Civil Procedure 23.  *Bell v. PNC Bank,*

*Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015). Plaintiff has the burden to show that a class should be certified. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). This analysis encompasses a two-part test: (1) whether the proposed class meets all four prerequisites of Rule 23(a) to establish the class; and (2) whether the class can be maintained under one of the subsections of Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). The court will address the Rule 23(a) prerequisites before considering Rule 23(b)(3).

### A. Rule 23(a) Prerequisites

The prerequisites under Rule 23(a) -- numerosity, commonality, typicality and adequacy of representation -- determine whether a class may be established. Fed. R. Civ. P. 23(a). First, a class must be so numerous that it is reasonable to believe that joinder would be impracticable. *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*, 747 F.3d 489, 492 (7th Cir. 2014). The Seventh Circuit has previously concluded that a forty-member class may be sufficient to satisfy the numerosity prerequisite. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017). Here, the putative class consists of 370 individuals. Heeding the Seventh Circuit's guidance, the court agrees that individually joining members of a class this large would be impractical. Accordingly, this prerequisite is met.

Second, a class must have questions of law or fact in common. Fed. R. Civ. P. 23(a)(2). A class must not just suffer violation of the same provision of law, but instead have a common injury whose resolution is "central to the validity of each one of the claims in one stroke." *Lacy v. Cook Cty., Ill.*, 897 F.3d 847, 865 (7th Cir. 2018) (quoting *Wal-*

*Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Here, plaintiff argues that the "class members' claims stem from the same factual circumstances, in that Defendant served the Notice on each class member contemporaneously with the service of a state court debt collection lawsuit." (Pl.'s Mot. (dkt. #15) 6.) The court agrees with plaintiff that this same question of fact is common to the class, as is the related question of law -- whether this would be misleading to an objective or reasonable unsophisticated debtor.

Third, typicality requires that the proposed class representative has claims that are typical of the claims of the proposed class, such that his claim arises from the same event or course of conduct that gives rise to the claims of other class members. Fed. R. Civ. P. 23(a)(3); *Lacy*, 897 F.3d at 866 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Typicality ensures that a plaintiff litigating his or her own self-interest will also advance the interests of the class. *Lacy*, 897 F.3d at 866. This requirement is satisfied here because each class member's claim -- including Shoemaker's -- arises from defendant's action of serving the notice and the summons and complaint at the same time. As such, Shoemaker's pursuit of his claim would advance the interests of the entire class.

Fourth, adequacy requires the putative class representative and class counsel to fairly and adequately protect the interests of the proposed class. Fed. R. Civ. P. 23(a)(4). A class representative is not adequate if his interests conflict with those of other class members. *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011). Here, Shoemaker is adequate to represent the proposed class because he has the same interest as the other class members. As to counsel's adequacy, plaintiff's counsel has been appointed

class counsel in other consumer protection class actions. (Pl.s' Mot. (dkt. #15) 15-17; Davidson Decl. (dkt. #17) ¶ 8.)

### B. Rule 23(b)(3) Requirements

Since all the Rule 23(a) prerequisites are met, the court turns to superiority and predominance, which are required under Rule 23(b)(3). The Rule 23(b)(3) requirements determine whether an established class may be maintained. Fed. R. Civ. P. 23(b). Under Rule 23(b)(3), certification requires the class have "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* Relevant considerations include: class members' interest in individually litigating their claims, the extent and nature of class members' preexisting litigation regarding the controversy, the desirability of concentrating the litigation in a particular forum, and the difficulties of managing a class action. *Id.*

Predominance exists where a class representative's general allegations and common evidence establishes a *prima facie* case for the class. *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1060 (7th Cir. 2016) (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)). The presence of individual questions does not prevent a common issue from predominating unless those individual questions overwhelm the questions common to the class. *Bell*, 800 F.3d at 378–79; *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 468 (2013).

Here, all class members received the same disclosure at the same time they received their respective summons and complaints initiating a debt collection lawsuit. Accordingly, the court finds that the common issues of fact and law associated with these claims

predominate over any individual issues, especially in light of the award of statutory damages.

The final requirement is that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). This requirement is intended to ensure that a class action is the preferred method to "achieve economies of time, effort, and expense, and promote uniform decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)). Here, the class members all claim the same injury, which would be proven by largely the same evidence. Therefore, a single proceeding to determine whether defendant's actions violate the FDCPA is plainly superior when compared to the possibility of duplicative, individual adjudication of each class member's claim. Likewise, individual class members have little incentive to litigate separately in light of the limited damages at stake.

Accordingly, since the Rule 23(a) and Rule 23(b)(3) requirements are satisfied, class certification will be granted, and plaintiff Archie Shoemaker and James L. Davidson of Greenwald Davidson Radbil PLLC and Matthew C. Lein of Lein Law Offices will be appointed as class representative and class counsel, respectively.

## II. Preliminary Settlement Approval

Settlement approval begins with a preliminary determination whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). Following preliminary approval, the second step is a fairness

6

hearing to give class members an opportunity to be heard. *Id.*

A district court may approve a settlement that is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). Considerations for court approval include: the strength of the plaintiffs' case compared to the settlement offer; the complexity, length, and expense of further litigation; any opposition to the settlement; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citing *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

The first and primary concern is the strength of the plaintiffs' case as compared to the proposed settlement. *Kaufman v. Am. Express Travel Related Servs.*, 877 F.3d 276, 284 (7th Cir. 2017). This factor does not instruct district courts to resolve the merits of the controversy, but instead to establish whether the settlement "reasonably reflects the relative merits of the case." *Id.* at 285. Here, while the court is struck by the relatively insignificant amount allocated to each of the class members (roughly $10 per person), the court notes that discovery revealed that defendant's book value net worth is negative. (*See* Pl.'s Mot. (dkt. #14) 2.) As such, under the FDCPA remedies provision, the settlement fund possibly exceeds anything the class could have recovered if judgment had been entered in its favor. *See* 15 U.S.C. § 1692k(A)(2)(B) ("[I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000, or *1 per centum of the net worth of the debt collector*." (emphasis added)); *see also Sanders v. Jackson*, 209 F.3d 998,

7

1003 (7th Cir. 2000) (holding that under the FDCPA, "net worth" means book value net worth). The court also notes that the settlement provides for a change in defendant's business practices, which further heightens its value. In addition, defendant's defense that its "principal purpose of business is enforcement of security interests, not debt collection, and that it is therefore not subject to liability under sections 1692e and 1692g(a)(5) of the FDCPA," creates enough uncertainty of plaintiff's success on the merits to find this settlement is fair, reasonable and adequate.

The complexity, length and expense of further litigation also weigh in favor of settling. Further litigation to resolve plaintiff's claim involves expense to both parties, while the proposed settlement gives class members at least some statutory damages and future relief without the hardships of continuing litigation. The court cannot yet consider opposition to this settlement because class members have not yet been notified of the proposed settlement.[1] However, the proposed notice to class members clearly outlines how and why class members might want to object or be excluded from the settlement. (*See* Proposed Notice (dkt. #17-1) 32, 34-38.) Because the process for class members to oppose the settlement awaits, this factor does not currently weigh for or against preliminary approval of the settlement.

Additionally, the settlement was reached through arm's-length negotiation. Therefore, the competency of class counsel and stage of these proceedings also favor preliminarily approving the settlement here. Because the factors show that the parties'

---

[1] On occasion, and generally at final settlement approval, the Seventh Circuit has also considered the reaction of members of the class to the proposed settlement. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

proposal is fair, reasonable and adequate, the court will approve the preliminary class action settlement and authorize the mailing of notice as detailed below.

**III. Incentive Award and Attorneys' Fees**

The court will next address the validity of the named plaintiff's incentive award and counsel's request for attorneys' fees. As provided under 15 U.S.C. § 1692k(A)(2)(B), the settlement provides named plaintiff Archie Shoemaker with $1,000 in statutory damages. This incentive award can be explained as a form of compensation for the extra work a named plaintiff performs in class action lawsuits. *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 410 (7th Cir. 2000). The appropriate amount of an incentive award depends on "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 834 (7th Cir. 2018) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Except in comparison to the relative recovery of other class members and the recovery as a whole, this award appears reasonable in light of Shoemaker's assistance to counsel in initiating and pursuing this action and the statutory damages approved for class representatives under the FDCP remedies provision. *See* 15 U.S.C. § 1692k(A)(2)(B).

As to attorneys' fees, the parties have proposed that class counsel be awarded up to $26,340 in attorneys' fees and expenses. In determining appropriate attorneys' fees, courts have discretion to use either the lodestar method or percentage method. *Americana Art China Co. v. Foxfire Printing & Packaging*, 743 F.3d 243, 247 (7th Cir. 2014). The lodestar

method roughly estimates "the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The percentage method instead sets the attorneys' fees at a percentage of the recovered settlement fund, plus expenses and interest. *Camp Drug Store*, 897 F.3d at 828.

Here, class counsel does not provide their method for seeking this amount of fees. Given that class counsel is seeking roughly 76% of the total amount defendant agreed to pay under the settlement, the amount of fees requested is of significant concern to the court. Nevertheless, because the monetary award each class member will receive likely exceeds that available under the remedies provision of the FDCPA, and the settlement requires defendant to alter its business practices, this amount *may* be reasonable. *See In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 712 (7th Cir. 2015) (explaining that in an "exceptional settlement" an award significantly more than the amount the class receives may be appropriate). Accordingly, the court will allow the notice of settlement to issue subject to it scrutinizing class counsel's application for attorneys' fees, including reference to counsel's hourly billing records and rates, as a factor in determining an appropriate fee award.

**IV. Proposed Notice**

Finally, as noted above, the court will authorize class counsel to send notice to members of the class. Notice to all members of a Rule 23(b)(3) certified class must include: (1) the nature of the action; (2) a definition of the certified class; (3) the class claims, issues, or defenses; (4) the option for class members to appear through counsel; (5) the

10

option for class members to be excluded; (6) the time and manner to request exclusion; and (7) the effect of a class judgment on the members. Fed. R. Civ. P. 23(b)(2)(B). Here, the proposed notice provides class members with information regarding the nature and claims of the action, a definition of the class, class members' option to appear through counsel and the availability and process for exclusion or objection. Furthermore, the notice details the option for class members to be excluded and the effect on members of a class judgment.

Still, the court notes a few, minor modifications to the notice that class counsel should make before sending it out:

- In Exhibit C, in the section entitled "When is the final fairness hearing?," the notice should also state after the time and date, "You do not need to attend this hearing."

- In Exhibit D, under Section 6, the following sentence should be in bold, "**The settlement does not affect any obligation you may have to pay any valid debts that Defendant may be trying to collect from you.**"

- In Exhibit D, in Section 8, change heading to read, "What am I giving up to stay in the Class and get a payment?"

- In Exhibit D, under Section 9, in first sentence, change "but" to "and."

- In Exhibit D, under Section 14, in the first sentence, add "or if you object to Class Counsel's request for attorneys' fees and reimbursement of costs," after the phrase "If you don't want the Court to approve the settlement."

- In Exhibit D, under Section 14, in the first sentence, delete "and send a copy to Class Counsel and counsel for Defendant, as noted below."[2]

- In Exhibit D, under Section 14, delete "and a list of any legal authority you intend to present at the fairness hearing," and add an "and" before "whether

---

[2] The court only requires class members who object to send their objection to the court. The court will docket any objections, which, in turn, will notify the parties.

you intend . . . ."

- In Exhibit D, under Section 14, modify the table to reflect that class members only need to send any objections to the court.

- In Exhibit D, under Section 19, modify to reflect that all pleadings are available at Class Counsel's website, and then also add those documents to the website.

- In Exhibit D, under Section 19, add class counsel's contact information.

With these changes made, the court approves the proposed notice.

## ORDER

IT IS ORDERED that:

1) Plaintiff's unopposed motion for preliminary approval of settlement agreement (dkt. #15) is GRANTED.

2) The court CERTIFIES the following Rule 23 class for settlement purposes:

    All persons in the State of Wisconsin to whom, between April 22, 2018 and April 22, 2019, Bass & Moglowsky, S.C., served a "Fair Debt Collection Practices Act Disclosure" as part of a lawsuit filed against such person in connection with the collection of a consumer debt, but excluding any person who did not sign the Note that was the subject of the lawsuit.

3) Plaintiff Archie Shoemaker is APPOINTED class representative and James L. Davidson of Greenwald Davidson Radbil PLLC and Matthew C. Lein of Lein Law Offices are APPOINTED as class counsel.

4) The proposed notices attached as Exhibits C and D to the Davidson Declaration (dkt. #17-1) are APPROVED and class counsel is AUTHORIZED to distribute it as provided in the parties' submissions SUBJECT TO ADOPTION of the modifications specifically set forth above in this Opinion.

5) The court approves the following settlement procedure and timeline:

    a. no later than January 24, 2020, the claims administrator will mail the notice to the class members;

b. class members shall have until 45 days after mailing of notice to submit a request to be excluded or any objections;

c. no later than March 20, 2020, class counsel shall file a petition for attorneys' fees and costs;

d. no later than March 20, 2020, class counsel shall provide the list of excluded class members to defendant's counsel;

e. a motion for final approval and any briefing in support, as well as any objection to class counsel's fee petition are due on or before March 27, 2020; and

f. the court will hold a fairness hearing on April 3, 2020 at 1:00 p.m.

Entered this 3rd day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge