## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ARCHIE J. SHOEMAKER,
on behalf of himself and others similarly situated,

                     Plaintiff,           Case No.: 3:19-cv-00316-wmc

BASS & MOGLOWSKY, S.C.,

                    Defendant

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

The agreement reached here requires that Bass & Moglowsky, S.C. ("Defendant") create a non-reversionary class settlement fund of $7,160, and separately pay $1,000 in statutory damages to Archie J. Shoemaker ("Plaintiff") to settle claims under the Fair Debt Collection Practices Act ("FDCPA"). As a result, after deducting the costs of notice and settlement administration, each of the 349 participating class members will receive $10.90. Notably, because Defendant's book value net worth is negative and statutory damages under the FDCPA are limited to 1 percent of a debt collector's next worth, the settlement fund greatly exceeds anything the class could have hoped to recover at trial.

In addition, and as a result of this lawsuit, Defendant ceased the complained of practice at issue. Given the settlement fund and important change in Defendant's business practices, Plaintiff obtained benefits from this settlement beyond those provided by the FDCPA.

The Court preliminarily approved the parties' settlement on January 3, 2020. *See* ECF No. 19. Thereafter, the class administrator—First Class, Inc. ("First Class")—sent the Court-approved notice via direct mail to each class member. No class member objected to the settlement or sought

1

exclusion from it, and the deadline to do so has now passed.[1] Moreover, no objections resulted from notice provided to governmental agencies under the Class Action Fairness Act ("CAFA"). In light of the benefits set forth above and the lack of opposition from Defendant and the class members, Plaintiff respectfully submits that this settlement should be finally approved.

**Summary of the Settlement**

I.      **Class members will receive $10.90 each, and Defendant will no longer engage in the practice challenged through this lawsuit.**

The Court previously certified the following settlement class:

> All persons in the State of Wisconsin to whom, between April 22, 2018 and April 22, 2019, Bass & Moglowsky, S.C., served a "Fair Debt Collection Practices Act Disclosure" as part of a lawsuit filed against such person in connection with the collection of a consumer debt, but excluding any person who did not sign the Note that was the subject of the lawsuit.

*See* ECF No. 19. The class consists of 349 persons.[2]

Following preliminary approval, First Class implemented a robust notice program by providing direct mail notice to all class members at their last known address according to Defendant's records. Prior to the mailing, First Class took its usual initial steps of de-duplicating class members' records and updating addresses through the U.S. Postal Service. *See* Affidavit of Bailey Hughes, ECF. No. 24, at ¶¶ 5-6. Notices were then disseminated on January 24, 2020. *Id.* at ¶ 7. And when 29 notices were returned undeliverable with no forwarding addresses, First Class undertook additional search measures to attempt to locate updated addresses for those class members. *Id.* at ¶¶ 11-12. In addition, Plaintiff's counsel has maintained certain relevant

---

[1]      The objection and exclusion deadline was March 9, 2020.

[2]      While the Parties originally believed there to be 370 class members, de-duplication of the class data resulted in the determination that there are 349 class members.

documents on its website.[3]

The Class's reaction has been universally positive—not one person objected to the terms of the settlement or asked to be excluded. ECF. No. 24, at ¶¶ 13-14. Moreover, no objections resulted from notice provided to governmental agencies under the CAFA, either. As a result, each of the 349 participating class members will receive $10.90.  In addition, Defendant will no longer engage in the practice that formed the basis for Plaintiff's complaint.

## II.    Plaintiff will separately receive a full statutory damages award of $1,000.

Finally, separate and apart from the class settlement fund, Defendant also will pay $1,000 in statutory damages to Plaintiff. To that end, the FDCPA at subsection 1692k(a) reads:

(a)  Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

\*       \*       \*

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, **(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and** (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

15 U.S.C. § 1692k(a).[4]

The statute thus expressly provides for a recovery of up to $1,000 for Plaintiff in addition

---

[3]       *See* https://www.gdrlawfirm.com/shoemaker

[4]       Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

to such amount as each class member could recover. *See Veness v. Heywood, Cari & Anderson, S.C.*, No.: 17-cv-338-bbc, 2018 WL 4489277, at *3 (W.D. Wisc. May 17, 2018) (Peterson, J.) ("Plaintiffs will receive from Defendant the sum of $1,000 each pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i)."); *accord Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *8 (E.D. Pa. Sept. 13, 2016) ("The FDCPA allows for a higher recovery by the Class Representative than by Class members. Class Representatives can recover additional damages, not to exceed $1,000.").[5]

### Argument

### I.     This Court should confirm its certification of the settlement class.

This Court previously certified the class. *See* ECF No. 19. Plaintiff agrees with the Court's reasoning and, as nothing has changed in the interim, does not believe it necessary to revisit certification in granting final approval. Thus, Plaintiff respectfully submits that this Court should confirm its certification of the class.

### II.    This Court should finally approve the parties' settlement as fair, reasonable, and adequate under Rule 23 and applicable Seventh Circuit law.

The Seventh Circuit has identified a number of factors used to assess whether a settlement proposal is fundamentally fair, adequate, and reasonable: (1) the strength of plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense

---

[5]     Even if this amount was not expressly authorized by the FDCPA—it is—it would also be reasonable considering Plaintiff's work in securing a monetary recovery for members of the class and a change in Defendant's business practices. *See*, *e.g.*, *Michel v. WM Healthcare Solutions, Inc.*, No. 1:10–cv–638, 2014 WL 497031, at *17 (S.D. Ohio Feb. 7, 2014) ("There is precedent for incentive awards in the neighborhood of $1,000 to $5,000 in consumer protection class actions."); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 259 (D.N.J. 2005) (awarding $1,000 incentive award to plaintiff who was not deposed and not required to produce documents); *Tenuto v. Transworld Sys.*, No. CIV. A. 99–4228, 2002 WL 188569, at *4–5 (E.D. Pa. Jan. 31, 2002) (granting award of $2,000 in FDCPA class action).

of continued litigation; (3) the amount of opposition to the settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). Rule 23(e) itself requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e). In applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits").

Here, each relevant factor supports the conclusion that the parties' negotiated settlement is fundamentally fair, reasonable, and adequate, and should thus be approved.

### A. The strengths of Plaintiff's case and the risks inherent in continued litigation and securing class certification favor final approval of the settlement.

There is "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex." *Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002). Indeed, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable[,] and settlement conserves judicial resources." *In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003); *see also Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (public interest in settling litigation is "particularly true in class action suits . . . which frequently present serious problems of management and expense").

Here, the parties disagree about the merits, and there is uncertainty about the ultimate outcome of this litigation and whether a class would be certified for litigation purposes. For

instance, Defendant contends that the principal purpose of its business is enforcement of security interests, not debt collection, and that it is therefore not subject to liability under sections 1692e and 1692g(a)(5) of the FDCPA. *See* ECF No. 8 at 1-11. If this case had proceeded, and had the Court agreed with Defendant, Plaintiff and members of the class would have recovered nothing. Moreover, as set forth above, given Defendant's financial position, the class likely would have recovered no statutory damages even had it prevailed at trial. *See, e.g.*, *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011) ("Proceeding without a settlement in this action thus exposed the Class to risk in connection with establishing the factual bases to support some of the Class's legal theories, in proving damages, and in collecting any amount that is ultimately awarded."); *Henderson v. Eaton*, No. 01-0138, 2002 WL 31415728, at *3 (E.D. La. Oct. 25, 2002) (following discovery, "several fundamental issues in the case remained in dispute: whether the defendant violated the FDCPA; whether the alleged violation was merely technical; and whether the alleged violation was willful and clear. Resolving these questions through a trial and, ostensibly, an appeal, would likely be burdensome and costly.").

Given these considerations, final approval of the settlement is appropriate to avoid the uncertainties of continued litigation. *See, e.g.*, *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ("Settlement provides a certain and immediate benefit to the class members and outweighs the risk and cost of a trial on the merits. The prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery.").

**B. The stage of the proceedings and experience and views of counsel favor final approval.**

During the pendency of this litigation, the parties were able to assess the relative strengths and weaknesses of their respective positions, and to compare the benefits of the proposed settlement to further litigation. Plaintiff obtained written discovery from Defendant, including information regarding Defendant's law practice, its net worth, class damages, and the number of potential class members. And the parties were able to evaluate the strengths and weaknesses of Defendant's early summary judgment motion. *See* ECF No. 8.

Counsel, who have substantial experience in litigating class actions, *see, e.g.,* ECF No. 21 at ¶ 7, and the Court are therefore adequately informed to evaluate the fairness of the settlement. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). Moreover, both Plaintiff and his counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the class. *Accord Swift v. Direct Buy, Inc.*, Nos. 2:11–CV–401–TLS, 2:11–CV–415–TLS, 2:11–CV–417–TLS, 2:12–CV–45–TLS, 2013 WL 5770633, at *7 (N.D. Ind. Oct. 24, 2013) ("Third, as the Court has already noted, the 'opinion of competent counsel' supports a determination that the settlement is fair, reasonable, and adequate under Rule 23.").

**C. The cash relief afforded by the settlement—when compared to the limitations on damages imposed by the FDCPA—favors final approval.**

In evaluating the fairness of the consideration offered in settlement, the issue is not whether the settlement could have been better in some fashion, but whether it is fair: "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). As explained by the Northern District of Indiana in approving a class action settlement in *Swift*:

Although $20 (the expected pro rata award of the net settlement fund for each class member who filed a claim notice) is not significant in a vacuum, "a dollar today is worth a great deal more than a dollar ten years from now," *Reynolds,* 288 F.3d at 284, and a major benefit of the settlement is that class members will obtain these benefits much more quickly than had the parties not settled. The parties have informed the Court that this case, were it to proceed, would face numerous challenges such that, even if the case reached trial, the class members would not receive benefits for many years, if they received any at all. Faced with the prospect of receiving no recovery—both because DirectBuy might have succeeded in any aspect of what would have been a vigorous defense absent settlement and because DirectBuy had no unencumbered assets—Class Counsel is confident that payment of up to $20.00 per household is an excellent result in this litigation. The parties assert that because the only amount the Plaintiffs could hope to recover after an award of damages is zero, a settlement involving any cash should be considered adequate

2013 WL 5770633, at *5.

The settlement here provides immediate cash relief to class members in excess of the limits imposed by the FDCPA. In particular, the FDCPA limits class statutory damages to a maximum of one percent of Defendant's net worth. *See* 15 U.S.C. § 1682k(A)(2)(B). Here, the net worth evaluation is controlled by the Seventh Circuit's opinion in *Sanders v. Jackson*, 209 F.3d 998, 1003 (7th Cir. 2000) (holding that under the FDCPA "net worth" means book value net worth). It bears mention then that Defendant's book value net worth is negative, meaning that the class may not have been entitled to any statutory damages even had it prevailed at trial.

Moreover, the FDCPA provides no required *minimum* amount of statutory damages. Consequently, setting aside the dearth of net worth, the jury ultimately could have awarded Plaintiff and the class no money at all, even in the face of victory on the merits. *See, e.g.*, *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable."); *accord Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1324 (M.D. Fla. 2016) ("Having

8

considered these factors and the parties' briefs, the Court finds that the statutory award in this case should be nominal, whether that award applies to Dickens alone or a class of plaintiffs.") *vacated and remanded,* 706 F. App'x 529 (11th Cir. 2017); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, No. 1:06 CV 1397, 2011 WL 1434679, at *11 (N.D. Ohio 2011) (analyzing the factors set forth in 15 U.S.C. § 1692k, and awarding no "additional damages" to members of the class). Moreover, the settlement provides immediate cash relief, whereas any hypothetical recovery from trial could take years to receive considering the likely appeals that would follow.

As well, Plaintiff's individual recovery of $1,000 represents the maximum allowable statutory damages under the FDCPA, which could not have been bested at trial. *See* 15 U.S.C. § 1692k(a)(2)(A). The lawsuit here also resulted in a change to Defendant's business practices, which will benefit all consumers who encounter Defendant's debt collection efforts in the future. This relief may not have been available even had Plaintiff prevailed at trial. *See Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961, 977 (N.D. Ohio 2009) ("This Court agrees that declaratory and injunctive relief are not appropriate under the FDCPA.").

Given the foregoing, the immediate relief provided by the settlement is substantial, and a recovery of $10.90 per class member represents a meaningful result for the class. Indeed, the settlement here is in line with other similar FDCPA class settlements approved throughout the country. *See, e.g.*, *Alderman v. GC Servs. Ltd. P'ship*, No. 2:16-cv-14508, 2019 WL 1605656, at *2 (S.D. Fla. Apr. 9, 2019) ($10 per class member); *Bellum*, 2016 WL 4766079, at *3 ($10.92 per class member); *Hall v. Frederick J. Hanna & Assocs., P.C.*, 2016 WL 2865081, at *3 (N.D. Ga. May 10, 2016) ($10 per class member); *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 3:15-cv-418, 2016 WL 1273297, at *3 (S.D. Ohio Mar. 31, 2016) (same); *Whitford v. Weber & Olcese, P.L.C.*, No. 1:15-cv-400, 2016 WL 122393, at *2 (W.D. Mich. Jan. 11, 2016) (same); *Green v.*

*Dressman Benzinger Lavelle, PSC*, No. 1:14–CV–00142–SJD, 2015 WL 223764, at *3 (S.D. Ohio Jan. 16, 2015) (approximately $31 per class member); *Little-King v. Hayt Hayt & Landau*, No. 11-5621 (MAH), 2013 WL 4874349, at *14 (D.N.J. Sept. 10, 2013) ($7.87 per class member); *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006) ($7.32 per class member).

Because the class will receive statutory damages in excess of what it could receive had Plaintiff prevailed at trial and on appeal, the settlement is fair, reasonable, and adequate. As a result, this Court should finally approve the settlement.

**D.  No member of the class objected to the settlement.**

Of the more than 300 class members to whom First Class distributed direct mail notice, none objected to the settlement, or sought exclusion from it. Moreover, no objections resulted from the CAFA notice. This universally favorable reaction to the settlement supports its approval. *See In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000) (finding the fact that more than "99.9% of class members have neither opted out nor filed objections" to be "strong circumstantial evidence in favor of the settlements").

**E.  The settlement treats class members equitably.**

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory committee's note (2018).

Here, each class member has the same claim resulting from receipt of the same notice from Defendant. And as a result, the settlement provides that each participating class member will

receive an equal portion of the settlement fund in exchange for providing the same release. *See Hale v. State Farm Mutual Automobile Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018) ("This proposal is fair and equitable because the class members' interests in the Avery judgment were undivided when they were lost and, thus, each class member's damages were identical. The proposed Settlement therefore entitles each class member to an equal, pro-rata share of the Settlement fund."). Moreover, class members had the ability to exclude themselves from the settlement and pursue their claims individually. *See Charvat v. Valente*, No. 12:5746, 2019 WL 5576932, *6 (N.D. Ill. Oct. 28, 2019) ("Moreover, the ability to opt out of the settlement allows class members who received more than three calls to pursue the possibility of a greater award in an individual suit.").

**Conclusion**

Plaintiff respectfully requests that this Court finally approve the above-described class action settlement. As noted, neither Defendant nor any class member opposes the relief requested herein.

Dated: March 19, 2020

/s/ *James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Telephone: 561.826.5477
jdavidson@gdrlawfirm.com

Matthew C. Lein
Lein Law Offices
15692 Highway 63 North
Hayward, WI 54843
Telephone: 715.634.4273
mlein@leinlawoffices.com

Class Counsel

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing on March 19, 2020, using the Court's

CM/ECF system, which will send notice to:

Terry E. Johnson
von Briesen & Roper, s.c.
411 E. Wisconsin Ave., Suite 1000
Milwaukee, WI 53202
414-221-6605
tjohnson@vonbriesen.com

Counsel for Defendant

                                        */s/ James L. Davidson*
                                        James L. Davidson