IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARCHIE J. SHOEMAKER, *individually
and on behalf of all those similarly situated,*

                              Plaintiff,                        OPINION AND ORDER

    v.

                                                                19-cv-316-wmc

BASS & MOGLOWSKY, S.C.,

                              Defendant.

In a prior opinion and order, the court certified a class action under Federal Rule of Civil Procedure 23 for settlement purposes, preliminarily approved the parties' proposed settlement, directed distribution of a court-approved notice and set this case for a fairness hearing on April 3, 2020. (1/03/20 Op. & Order (dkt. #19).) The court is now in receipt of plaintiff's unopposed motion for attorney fees and expenses (dkt. #20) and plaintiff's unopposed motion for final approval of the settlement agreement (dkt. #24). For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #119) and provided on the record during the fairness hearing, the court will give final approval of the settlement terms and approve an award of attorneys' fees and costs.

OPINION

**I. Settlement**

Based on today's fairness hearing, the parties' written submissions, the lack of any objections, and the entire record in this case, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e). Specifically, as detailed in plaintiffs' submissions, the 349 members of the

settlement class -- consisting of individuals who were served a "Fair Debt Collection Practices Act Disclosure" from defendant between April 22, 2018, and April 22, 2019 -- will receive $10.90 each and defendant will no longer engage in the practice challenged in this lawsuit.  None of the members of the class opted out of the class or objected to the terms of the settlement.

As explained in the court's prior order, while the individual award of $10.90 for each putative class may seem insignificant, the amount likely exceeds that available under the FDCPA given that defendant's book-value, net worth is negative.  (1/30/20 Op. & Order (dkt. #19) 7-8 (citing 15 U.S.C. § 1692k(A)(2)(B); *see also Sanders v. Jackson*, 209 F.3d 998, 1003 (7th Cir. 2000) (holding that under the FDCPA, "net worth" means book value net worth).)   Moreover, in addition to the monetary relief, defendant's agreement to change it business practices heightens the value of the settlement.  Finally, as the court previously pointed out, the merit of a defense that defendant's "principal purpose of business is enforcement of security interests, not debt collection, and that it is therefore not subject to liability under sections 1692e and 1692g(a)(5) of the FDCPA," creates at least some uncertainty as the merits of plaintiff's claim.

In addition to the payouts to each individual class member, the settlement also provides for an individual award of $1,000 to the named plaintiff, consistent with the relief provided under the FDCPA, 15 U.S.C. § 1692k(a).  The court finds that this award is reasonable in light of (1) Shoemaker's assistance to counsel in initiating and pursuing this action and (2) the statutory damages approved for class representatives under the FDCPA remedies provision.  *See* 15 U.S.C. § 1692k(a)(2)(B).

**II. Attorneys' fees and costs**

Also before the court is class counsel's motion for attorneys' fees and costs, which the court will also approve. (Dkt. #20.) Class counsel seeks $26,340.00 in fees and costs, which reflects the amount of fees and expenses class counsel incurred in bringing this action. While it is within the court's discretion to use either the lodestar method or percentage method in awarding attorneys' fees and costs for a class action, *Americana Art China Co. v. Foxfire Printing & Packaging*, 743 F.3d 243, 247 (7th Cir. 2014), this court typically considers both. In its opinion and order preliminarily approving the settlement, the court questioned whether the requested fee award was reasonable in light of the fact that the fee request constitutes approximately 76% of the total amount defendant agreed to pay under the settlement. Nonetheless, class counsel's time records and the hourly rates appear reasonable.[1]

More critically, the monetary award each class member will receive likely exceeds that available under the remedies provision of the FDCPA, and the settlement requires defendant to alter its business practices, rendering this an "exceptional settlement" and entitling class counsel to an award of fees that represents three-quarters of the total settlement. *See In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 712 (7th Cir. 2015) (explaining that in an "exceptional settlement" an award significantly more than the amount the class receives may be appropriate); *see also Maloy v. Stucky, Lauer & Young, LLP*, No. 1:17-CV-336-TLS, 2018 WL 6600082, at *6 (N.D. Ind. Dec. 14, 2018) (awarding $25,000 in fees plus costs on a total class recovery of $6,000, in part because class counsel

---

[1] Moreover, class counsel points out that these records do not reflect the time that they will spend seeking final approval.

"secured the maximum amount in statutory damages available under the FDCPA"); *Vought v. Bank of Am., N.A.*, No. 10-CV-2052, 2013 WL 269139, at *7 (C.D. Ill. Jan. 23, 2013) (awarding $2,000,000 in fees, in part, because the settlement requires defendant to pay "the maximum amount that they could be required to pay under the RESPA statute"). Accordingly, the court will grant plaintiffs' fee petition and award $26,340.00 in attorneys' fees and costs.

## ORDER

IT IS ORDERED that:

1) Plaintiff's unopposed motion for attorney fees and costs (dkt. #20) is GRANTED in the requested amount of $26,340.00

2) Plaintiff's unopposed motion for final approval of settlement agreement (dkt. #24) is GRANTED and the parties are directed to carry out its terms and provisions.

3) Settlement payments, including the $1,000.00 payment to the named plaintiff, are APPROVED.

4) This action is dismissed with prejudice and without further costs.

5) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 3rd day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge